## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| THOMAS EUGENE LEFTWICH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.   5:22-00206 |
| | ) | |
| DONNIE AMES, | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's "Motion to Dismiss" (Document No. 12), filed on July 19, 2022. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Respondent's "Motion to Dismiss" (Document No. 12).

### FACTUAL BACKGROUND

**1.     Criminal No. 07-F-67:**

In January 2007, the Grand Jury of Raleigh County, West Virginia, returned a three-count Indictment against Petitioner for one count of first degree murder, one count of use of a firearm during the commission of a felony (to wit: first degree murder), and one count of conspiracy to commit murder.[1] (Document No. 12-1.) On March 10, 2008, following a five-day jury trial,

---

[1] The charges stemmed from the August 2006 murder "of an undercover police officer, Cpl. Charles 'Chuck' Smith of Beckley Police Department. *Leftwich v. Ames*, 2022 WL 673688, at * 1 (W.Va. Jan. 12, 2022).

Petitioner was convicted on all counts. (Document No. 12-2.) The jury did not make a recommendation of mercy. (Id.) The Circuit Court conducted a Sentencing Hearing on April 29, 2008. (Document No. 12-3.) The Circuit Court sentenced Petitioner to "life, with no recommendation of mercy and no eligibility for parole on the charge of First Degree Murder By Use of a Firearm" and "not less than one (1) nor more than five (5) years in the penitentiary on the charge of Felony Conspiracy." (Id.) The Circuit Court ordered the sentences to run consecutively to each other. (Id.) By Order entered November 5, 2008, Petitioner was resentenced for the purpose of reinstating his right to file a direct appeal. (Document No. 12-4.) By Order entered on February 26, 2009, an Agreed Extension Order was entered extending the time for Petitioner to file his petition for appeal. (Document No. 12-5.)

On May 26, 2010, Petitioner, by counsel, J.L. Hickok, filed his Petition for Appeal with the Supreme Court of Appeals of West Virginia ("SCAWV"). (Document No. 12-6.) Specifically, Petitioner argued that the Circuit Court erred by the following: (1) Instructing the jury that they could convict on the theory that Petitioner attempted to rob the victim, which was an offense not contained in the Indictment; (2) Entering an overly broad "Amended Pre-trial Order" that restricted the defense in asserting self-defense to excuse the homicide;" and (3) By permitting the State to use a peremptory challenge to strike from the jury panel the only African American who was free from cause." (Id.) By Order entered on June 3, 2009, the SCAWV refused Petitioner's Petition for Appeal. (Document No. 12-7.) Petitioner filed a petition for writ of certiorari with the United States Supreme Court on August 27, 2009, and the United States Supreme Court denied the petition on October 20, 2009. (Document No. 2-1, p. 2.)

**2.      State *Habeas* Petition:**

2

On January 8, 2010, Petitioner, proceeding *pro se*,[2] filed his Petition for Writ of *Habeas Corpus* and Motion for Appointment of Counsel in the Circuit Court of Raleigh County. <u>Leftwich v. Ballard</u>, Case No. 10-C-00022 (Cir. Ct. Raleigh Co.); (Document Nos. 12-8 and 12-9.) On April 2, 2010, Petitioner filed a Motion for Appointment of Habeas Counsel. (Document No. 12-8.) Subsequently, G. Todd Houck was appointed as *habeas* counsel. (<u>Id.</u>) On March 1, 2013, Petitioner, by counsel, Mr. Houck, filed an Amended Petition and *Losh* List. (Document No. 12-10.) In his Amended Petition, Petitioner raised the following grounds for *habeas* relief:

<u>Ground One & Eight</u>: Consecutive sentences for same transaction and excessive sentence.

<u>Ground Two</u>:        Ineffective assistance of counsel.

(1) Defense counsel failed to disqualify jurors or address irregularities with jury selection.

(2) Defense counsel failed to object to evidence of defendant's prior bad acts, being offered in the State's case in chief without a previous 404(b) hearing.

(3) Defense counsel's theory was self defense; however that defense is not available to an indictment for felony murder.

(4) Defense counsel failed to call a material witness to testify for the defense.

(5) Failure of defense counsel to investigate the demeanor, reputation, and general character of the victim.

<u>Ground Four & Six</u>: Defects in the Indictment and instructions to the jury.

<u>Ground Five</u>:       Constitutional error in evidentiary rulings including the following:

---

[2] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> (1) The trial court prohibiting Petitioner from using a theory of self-defense to excuse premediate homicide;
>
> (2) The trial court's failure to conduct an in camera hearing prior to admitting Petitioner's prior bad acts in evidence;
>
> (3) The trial court's failure to exclude the State's lead investigator from testifying as to the credibility of other State witness.

Ground Nine:        Challenges to composition of jury/*Batson* challenge.

(Id.) The *Losh* List waived all grounds except the following:

1.    Consecutive sentences for the same transaction;
2.    Coerced confession;
3.    Ineffective assistance of counsel;
4.    Defects in the indictment;
5.    Constitutional errors in evidentiary rulings;
6.    Instructions to the jury;
7.    Prejudicial statements by the prosecutor;
8.    Excessive sentence;
9.    Challenges to jury composition.

By Order entered on January 9, 2015, the Circuit Court directed the State to file an Answer to Petitioner's Amended Petition. (Document No. 12-8.) On April 30, 2015, following the granting of an extension of time, the State filed its "Answer to Amended Petition for Writ of Habeas Corpus and Motion to Dismiss the Amended Petition." (Document Nos. 12-8 and 12-11.) Citing Rule 9(a) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings, the Circuit Court determined that an omnibus hearing was unnecessary. (Document No. 12-12.) By Memorandum Order entered on January 28, 2020, the Circuit Court denied Petitioner's Amended Petition. (Id.)

On February 21, 2020, Petitioner filed his Notice of Appeal with the SCAWV. (Document Nos. 12-13.) In his Appellate Brief, Petitioner asserted the following assignments of error:

1.  Whether the lower court abused its discretion in summarily concluding that

4

Petitioner failed to prove he was denied his constitutional right to effective assistance of counsel regarding the following:

    a. Counsel's failure to excuse jurors who exhibited bias and personal knowledge;

    b. Counsel's failure to call a necessary defense witness;

    c. Counsel's failure to investigate the victim's demeanor, reputation, and general character;

    d. Counsel's failure to object to evidence of Petitioner's prior bad acts without a prior Rule 404(b) hearing.

2. Whether the lower court erred in summarily concluding Petitioner's constitutional right to assert self-defense was not violated?

3. Whether the trial court erred in summarily concluding that Petitioner's constitutional rights were not violated when the state's lead investigator testified to the credibility of other state witness?

(Document No. 12-14.) The State filed its Response on July 13, 2020. (Document Nos. 12-15.) By Memorandum Decision filed on January 12, 2022, the SCAWV "adopted and incorporated the circuit court's findings and conclusions as they relate to petitioner's assignment of error raised [on appeal]" and affirmed the dismissal of Petitioner's *habeas* petition. <u>Leftwich v. Ames</u>, 2022 WL 673688, * 2 (W. Va. Jan. 12, 2022). On February 9, 2022, Petitioner, by counsel, filed a Petition for Rehearing with the SCAWV. (Document No. 12-16.) By Order entered on March 17, 2022, the SCAWV denied Petitioner's Petition for Rehearing. (Document No. 12-17.) The SCAWV entered its Mandate on March 24, 2022. (Document No. 12-18.)

**3.    Section 2254 Petition:**

On April 28, 2022, Petitioner, acting *pro se*, filed his Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody and Memorandum in Support. (Document No. 1.) In his Petition, Petitioner asserts the following grounds for relief:

1.    Consecutive sentences for same transaction and excessive sentence;

2.    Coerced confession;

3.    Ineffective assistance of counsel:

5

a.   Defense counsel failed to disqualify jurors or address irregularities with jury selection;

b.   Defense counsel failed to object to evidence of defendant's prior bad acts being offered in the State's case in chief without a previous 404(b) hearing;

c.   Defense counsel failed to call material witness to testify for the defense (Alfreda Lawson);

d.   Failure of defense counsel to investigate the demeanor, reputation, and general character of the victim;

e.   Failure to prepare or research self-defense or another theory;

f.   Failure to bifurcate trial on issues of mercy or move for a bifurcation of trial on that issue;

g.   Failure to present mercy issues;

h.   Failure to impeach State witnesses on conflicting testimony and statements;

i.   Failure to object to prejudicial statements by the prosecutor;

j.   Failure to object to inaccurate and prejudicial statements regarding the indictment by the Prosecuting Attorney during closing;

k.   Defense counsel was grossly unprepared for a case of this nature and the defendant was, therefore, reduced to a situation of prosecutorial overmatch;

l.   Failure of defense counsel to review the State's evidence with the defendant;

m.   Failure to make any scientific test or inquiries on behalf of the defendant, including but not limited to, forensics on the victim's clothing to establish distance at the time of firing;

n.   Failure to request a change of venue despite prejudice from newspaper, television, and radio coverage;

o.   Failure on the part of the defense counsel to move the court at the end of evidence to dismiss the indictment;

p.   Failure to prepare accused for testimony;

q.   Failure to prepare for other witness' testimony;

      r.   Failure to prepare, obtain, read, or evaluate document;

      s.   Insufficient time for preparation.

    4.   Added offense not contained in the Indictment & instructions to jury;

    5.   Constitutional errors in evidentiary rulings:

      a.   The Court issued an overly broad pretrial Order that restricted the defense in asserting self-defense to excuse premeditated homicide;

      b.   The Court failed to properly conduct an in camera hearing prior to admitting prior bad acts of Petitioner;

      c.   The Court failed to exclude State's lead investigator from testifying as to the credibility of other State witness;

    6.   Challenges to composition of jury.

(Document No. 2.)

As Exhibits, Petitioner attaches the following: (1) A copy of the SCAWV's Order dated June 3, 2009, refusing Petitioner's direct appeal (Document No. 2-1, p. 1.); (2) A copy of a letter from the United States Supreme Court dated October 20, 2009, informing Petitioner that his petition for writ of certiorari was denied (Id., p. 2.); (3) A copy of the Circuit Court's "Memorandum Order" entered January 28, 2020, dismissing Petitioner's *habeas* petition (Id., pp. 3 – 17.); (4) A copy of the SCAWV's "Memorandum Decision" filed on January 12, 2022, adopting and incorporating the Circuit Court's findings and conclusions as they related to Petitioner's assignments of error and affirming the Circuit Court's denial of Petitioner's *habeas* petition (Id., pp. 18 – 19.); and (5) A copy of an Order from the SCAWV entered May 17, 2022, denying Petitioner's Petition for Rehearing (Id., p. 20.).

By Order entered on May 3, 2022, the undersigned directed Respondent to file an Answer to the allegations contained in Petitioner's Petition. (Document No. 7.) On July 19, 2022,

Respondent filed his Motion to Dismiss and Memorandum in Support. (Document Nos. 12 and 13.) First, Respondent acknowledges that Petitioner's above Petition is timely. (Document No. 13, pp. 8 - 10.) Next, Respondent argues that Petitioner's Petition should be dismissed because Petitioner failed to fully exhaust all claims presented in his Section 2254 Petition (Id., pp. 10 – 15.) Respondent explains that "Petitioner did not present grounds one (consecutive sentences for the same transaction); two (coerced confession); three, in part (ineffective assistance of trial counsel); five, in part (constitutional errors in the circuit court's evidentiary rulings); or seven (excessive sentence) to the SCAWV." (Id., pp. 11 – 12.)

As Exhibits, Respondent attaches the following: (1) A copy of Petitioner's Indictment as filed in Case No. 07-F-67 (Document No. 12-1); (2) A copy of the Jury Verdict Order as filed in Case No. 07-F-67 (Document No. 12-2); (3) A copy of Petitioner's Sentencing Order as filed in Case No. 07-F-67 (Document No. 12-3); (4) A copy of Petitioner's Resentencing Order as filed in Case No. 07-F-67 (Document No. 12-4); (5) A copy of the Agreed Extension Order as filed in Case No. 07-F-67 (Document No. 12-5); (6) A copy of Petitioner's Petition for Appeal (Document No. 12-6); (7) A copy of the SCAWV's Order refusing the Petition for Appeal (Document No. 12-7); (8) A copy of the Docket Sheet for Case No. 10-C-22 (Document No. 12-8); (9) A copy of Petitioner's *pro se* State *Habeas* Petition (Document No. 12-9); (10) A copy of Petitioner's Amended State *Habeas* Petition as filed by counsel (Document No. 12-10); (11) A copy of Respondent's Answer to the Amended Habeas Petition (Document No. 12-11); (12) A copy of the Circuit Court's "Memorandum Order" dismissing Petitioner's *habeas* petition (Document No. 12-12); (13) A copy of Petitioner's Notice of Appeal (Document No. 12-13); (14) A copy of Petitioner's Appellate Brief (Document No. 12-14); (15) A copy of Respondent's Brief (Document No. 12-15); (16) A copy of Petitioner's Petition for Rehearing (Document No. 12-16); (17) A copy

of the SCAWV Order refusing Petitioner's Petition for Rehearing (Document No. 12-17); and (18) A copy of the SCAWV's Mandate (Document No. 12-18).

On July 20, 2020, Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's request for dismissal. (Document No. 14.) On August 18, 2022, Petitioner filed his Response arguing that Respondent's Motion to Dismiss should be denied because Petitioner did exhaust his State remedies. (Document No. 15.) As Exhibits, Petitioner attaches the following: (1) A copy of transcripts from a "Typed Interview with Jasmine Gonzalez" (<u>Id.</u>, pp. 9 – 26); (2) A copy of transcripts from a "Typed Interview with Will Reynolds" (<u>Id.</u>, pp. 27 – 38.); (3) A copy of a newspaper article entitled "Questions linger in police slaying" (<u>Id.</u>, p. 39.); (4) A copy of the SCAWV's "Memorandum Decision" filed on January 12, 2022, adopting and incorporating the Circuit Court's findings and conclusions as they related to Petitioner's assignments of error and affirming the Circuit Court's denial of Petitioner's *habeas* petition (<u>Id.</u>, pp. 40 – 41); and (5) A copy of Petitioner's Petition for Rehearing as filed with the SCAWV on February 9, 2022 (<u>Id.</u>, pp. 42 – 46).

On August 23, 2022, Respondent filed his Reply. (Document No. 16.) Respondent continues to argue that this Court should dismiss without prejudice because Petitioner's Section 2254 Petition is a mixed Petition and there is a reasonable possibility the State court may entertain a subsequent *habeas* petition. (<u>Id.</u>, p. 4.)

## THE APPLICABLE STANDARD

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. <u>See</u> <u>Walker v. True</u>, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); <u>also see</u> Rules Governing Section 2254 Cases in the United States District Courts, Rule

9

12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." <u>Walker v. Kelly</u>, 589 F.3d 127, 139 (4th Cir. 2009)(citing <u>Wolfe v. Johnson</u>, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" <u>Massey v. Ojaniit</u>, 759 F.3d 343, 353 (4th Cir. 2014)(quoting <u>Blankenship v. Manchin</u>, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." <u>Wolfe</u>, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. <u>Walker</u>, 589 F.3d at 139.

## **ANALYSIS**

### 1.    **Failure to Exhaust:**

In Respondent's Motion, Respondent argues that Petitioner filed a mixed Petition containing both exhausted and unexhausted claims. (Document Nos. 12 and 13.) Respondent asserts that Petitioner's Petition should be dismissed because Petitioner failed to fully exhaust all claims presented in his Section 2254 Petition. (Document No. 13, pp. 10 – 15.) Respondent explains that "Petitioner did not present grounds one (consecutive sentences for the same transaction); two (coerced confession); three, in part (ineffective assistance of trial counsel); five, in part (constitutional errors in the circuit court's evidentiary rulings); or seven (excessive

sentence) to the SCAWV." (Id., pp. 11 – 12.) Respondent notes that "[a]n evidentiary hearing was not held in Petitioner's State *habeas* proceeding and the *Losh* List, filed as part of Petitioner's amended *habeas* petition, does not provide that Petitioner *knowingly, voluntarily, intelligently, and indefinitely* waived any claims." (Id., pp. 13, 14)(citations omitted). Additionally, Respondent argues that Petitioner's Section 2254 Petition contains 20 arguments in support of his ineffective assistance of counsel claim whereas his State *habeas* petition only contained five arguments in support of his ineffective assistance of counsel claim. (Id., p. 13.) Respondent acknowledges that Petitioner clearly did not waive his ineffective assistance of counsel claim in his *Losh* List. (Id., p. 14.) Thus, Respondent argues that "[b]ecause it is unclear from the record whether Petitioner understood and agreed to forever waive any grounds for relief not raised in his habeas proceeding in Case 10-C-22, it cannot be definitively said that the State court would bar a subsequent habeas petition." (Id.) Respondent further asserts that "[b]ecause the State court records do not conclusively demonstrate that Petitioner intelligently and voluntarily waived those claims not presented in his habeas appeal, it cannot be presumed that the waiver was voluntary." (Id., p. 15.) Respondent concludes that since "it is uncertain whether the State court would entertain a subsequent habeas petition, this Court should dismiss Petitioner's mixed § 2254 Petition without prejudice in order for Petitioner to fully exhaust his State remedies." (Id.)

In response, Petitioner argues that he exhausted his State remedies because he filed a direct appeal with the SCAWV, an appeal to the SCAWV of the Circuit Court's denial of his State *habeas* petition, and a petition for rehearing with the SCAWV. (Document No. 15, p. 3.) Petitioner, therefore, argues that "[t]he State was afforded a fair opportunity to consider the errors, but chose not to do so." (Id.) Next, Petitioner complains that the SCAWV "affirmed the lower court's summarily dismissal and refused the petition for rehearing." (Id., pp. 3 – 4.) Petitioner, therefore,

11

argues that the SCAWV "violated the due process rights of Petitioner by not reviewing the case at hand because the court did not explore whether the lower court abused its discretion in summarily concluding that Petitioner failed to prove he was denied his constitutional right to effective assistance of counsel." (Id.) Third, Petitioner argues that he "used subclaims under Ground Three: Ineffective assistance of counsel" and the subclaims "are listed in support of [his] ineffective assistance of counsel ground to show the type of issues [he has] with the trial counsel, they are in support, not as a freestanding claim." (Id., pp. 4 – 5.) Petitioner further argues that the State courts violated precedent established in Painter v. Ballard when the State courts rejected Petitioner's ineffective assistance of counsel claim. (Id.) Fourth, Petitioner argues that he did "not knowingly or intelligently waive any of his grounds from the initial filing of Petitioner's pro se State habeas to the instant" filing. (Id., p. 5.) Petitioner explains that he "has not been given the opportunity to further develop his claims through an omnibus habeas corpus hearing." (Id.) Finally, Petitioner argues that he did not file a mixed petition. (Id., pp. 5 – 6.) In support, Petitioner noted that the SCAWV "stated in the Memorandum Decision that 'with respect to the issues implicated in these assignment of error, Mr. Leftwich's arguments to this Court are nearly identical to the arguments he made to the circuit court in his underlying habeas action." (Id, p. 6.) Petitioner, therefore, concludes that he "did all he could to have the State courts address his issues, and has exhausted his State remedies." (Id.)

In Reply, Respondent notes that Petitioner "casts blame on the [SCAWV] for affirming the circuit court's summary dismissal of his State habeas petition and refusing his petition for rehearing, and argues that the SCAWV's decision 'violated' his 'Due Process Rights.'" (Document No. 16, p. 1.) Respondent, however, notes that the denial or dismissal of Petitioner's appeals by the SCAWV is not the issue. (Id., pp. 1 – 2.) Respondent explains that the "issue is whether

Petitioner presented specific claims to the SCAWV so that it could have 'an initial opportunity to pass upon and correct alleged violations of [Petitioner's] federal rights.'" (Id., p. 2.) Respondent argues that "[c]ontrary to Petitioner's contention (ECF No. 15 at 5), he did *not* provide the State court with a full and fair opportunity to address all of his claims because the record is clear that he failed to present many of his claims raised in the instant § 2254 Petition to the SCAWV." (Id.) Respondent further states that Petitioner's concession that did not knowingly or intelligently waive any of his grounds in his prior State habeas proceeding, coupled with the unclear State court record means, there is a "reasonable possibility . . . that the state court may apply an exception to its procedural default rule." (Id.) Thus, Respondent argues that this Court should not apply a state procedural bar to find that exhaustion is futile. (Id.) Finally, Respondent asserts that Petitioner did not do all that he could to secure review from the SCAWV because he "never presented grounds one (consecutive sentences for the same transaction); two (coerced confession); three, in part (ineffective assistance of trial counsel); five, in part (constitutional errors in the circuit court's evidentiary rulings); or seven (excessive sentence) to the SCAWV." (Id., pp. 2 – 3.) Respondent concludes that this Court should dismiss without prejudice Petitioner's Section 2254 Petition as mixed because there is a reasonable possibility the State court may entertain a subsequent *habeas* petition. (Id., p. 4.)

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be

13

satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or

(2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available.

See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair

presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts.

See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds*, United

States v. Barnette, 644 F.3d 192 (4th Cir. 2011). Presentation of the same claim "contemplates that

'both the operative facts and the 'controlling legal principles' 'must be presented to the state court."

Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor,

404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). Although it is unnecessary to cite

"book and verse on the federal constitution," "[i]t is not enough that all the facts necessary to

support the federal claim were before the state courts, or that a somewhat similar state-law claim

was made." See Picard, 404 U.S. at 278, 92 S.Ct. at 514; Anderson v. Harless, 459 U.S. 4, 6, 103

S.Ct. 276, 74 L.Ed.2d 3 (1982)(internal citations omitted); Baker v. Corcoran, 220 F.3d 276, 289

(4th Cir. 2000). The ground relied upon must be presented face-up and squarely; the federal

question must be plainly defined." Matthews, supra, 105 at 911. "If state courts are to be given the

opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to

the fact that the prisoners are asserting claims under the United States Constitution. If a habeas

petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process

of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in

state court." Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 886, 130 L.Ed.2d 865 (1995);

see also Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)(stating

that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his

claim in a state-court petition or brief, for example, by citing in conjunction with the claim the

federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"). Petitioner must also provide the state court with the facts supporting the claimed constitutional violation and "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review. Id. at 844, 119 S.Ct. at 1732. In West Virginia, prisoners may exhaust their available State court remedies by the following: (1) stating cognizable federal constitutional claims in a direct appeal to the West Virginia Supreme Court of Appeals; (2) stating cognizable federal constitutional claims in a petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court of Appeals; or (3) filing a petition for writ of *habeas* corpus under the West Virginia Supreme Court's original jurisdiction and receiving a dismissal with prejudice.[3] Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); McDaniel v. Holland, 631 F.Supp. 1544, 1545-46 (S.D.W.Va. 1986).

Generally, a federal district court may not review a Section 2254 petition unless there has been "total exhaustion" of the presented issues. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198,

---

[3] An original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the petitioner's state court remedies. *See Moore*, 879 F.Supp. at 593; *McDaniel*, 631 F.Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-09 (4th Cir. 1990)(*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997)).

71 L.Ed.2d 379 (1982); <u>also see</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 477, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)(When a petitioner fails to exhaust his state court remedies, a federal *habeas* petition should be dismissed.) When a petitioner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the District Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. <u>Rhines v. Weber</u>, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). "[N]otwithstanding the failure of an applicant to exhaust the remedies available in the courts of the state," a district court may deny the unexhausted claims on the merits. 28 U.S.C. § 2254(b)(2); <u>also see</u> <u>White v. Keller</u>, 2013 WL 791008, * 5 (M.D.N.C. March 4, 2013). To be excused from the exhaustion requirement, Petitioner must establish that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The foregoing statutory exceptions apply "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). "State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." <u>Ward v. Freeman</u>, 46 F.3d 1129 (4th Cir. 1995)(unpublished table decision); <u>Farmer v. Circuit Court of Md. for Balt. City.</u>, 31 F.3d 219, 223 (4th Cir. 1994)("There is . . . authority for treating sufficiently diligent, though unavailing, efforts to exhaust as, effectively, exhaustion, and for excusing efforts sufficiently shown to be futile in the face of state dilatoriness or recalcitrance.").

The undersigned finds that Petitioner's Ground One, Ground Two, Ground Three in part, Ground Five in part, and Ground Seven are unexhausted and there is no allegation or indication

that Petitioner should be excused from the exhaustion requirement. Specifically, Petitioner never presented the following claims to the SCAWV: (1) consecutive sentence for the same transaction; (2) coerced confession; (3) ineffective assistance of trial counsel based upon counsel's failure to (a) prepare and research self-defense theory, (b) request bifurcation on the trial of the issues of mercy, (c) present mercy issues, (d) impeach State witnesses on conflicting testimony, (e) object to the composition of the Grand Jury and its proceedings, (f) object to prejudicial statements by the prosecutor, (g) object to inaccurate and prejudicial statements regarding the indictment by the Prosecuting Attorney during closing arguments, (h) be "prepared for a case of this nature" and being "overmatched by the prosecutor; (i) to review the State's evidence with Petitioner, (j) conduct scientific testing on the victim's clothing to establish the distance at the time of firing, (k) request a change of venue due to media coverage, (l) move for dismissal of the Indictment after the close of evidence, (m) prepare Petitioner to testify, (n) prepare other witnesses' testimony, (o) "prepare, obtain, read, or evaluate a document," and (p) request adequate time for preparation of trial; (4) Constitutional errors by the circuit court's evidentiary rulings concerning (a) the admission of Petitioner's prior bad acts without conducting an *in camera hearing*[4] and (b) the admission of the State's lead investigator's testimony as to the creditability of other State witnesses[5]; and (5) excessive sentence. Thus, the foregoing claims are unexhausted.

Nevertheless, a claim that has not been presented to the state's highest court "may be

---

[4] This claim was presented to the SCAWV as part of Petitioner's ineffective assistance of counsel claim, but never presented to the SCAWV as a freestanding *habeas* claim.

[5] Although Petitioner asserted this claim in his appeal of the denial of his *habeas* Petition to the SCAWV, Petitioner's claim focus solely upon the alleged violation of State law. (Document No. 12-14, pp. 23 - 26.) Since Petitioner did not allege a violation of Federal law in his appeal, the foregoing claim is unexhausted. This claim, as presented in his Section 2254 Petition, properly alleges a violation of Federal law.

treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4ᵗʰ Cir. 2000)(citing Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2081, 135 l.Ed.2d 457 (1996)). Although such claims are technically exhausted, the procedural default doctrine applies to those claims in a subsequent Section 2254 proceeding. See Clagett v. Angelone, 209 F.3d 370, 378 (4ᵗʰ Cir. 2000)("If claims were not exhausted in state court but would now be procedurally barred if brought in state court, then federal courts can treat the claims as if they were procedurally defaulted in the state courts.") Thus, "[a] habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer available to him." Coleman v. Thompson, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)(citations omitted). West Virginia's post-conviction statute, West Virginia Code 53-4A-1 *et seq.*, "clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding." Markley v. Coleman, 215 W.Va. 729, 733, 601 S.E.2d 49, 53 (2004). West Virginia Code § 53-4A-1(c) addresses when a *habeas* "contention" or claim is deemed waived. Section 53-4A-1(c) further creates a rebuttable presumption that a state *habeas* petitioner knowingly and intelligently waives any claim that could have been, but was not, presented during the state *habeas* proceedings. The SCAWV, however, has stated that "[b]efore the failure to advance contentions in a habeas corpus proceeding will bar their consideration in subsequent applications for habeas corpus relief, the record must conclusively demonstrate that the petitioner voluntarily refrained from asserting known grounds for relief in the prior proceedings." Gibson v. Dale, 173 W.Va. 681, 686, 319 S.E.2d 806, 811 (1984). The SCAWV further determined that "the statutory waiver provisions [of W. Va. § 53-4A-1 *et seq.*] may be applied only when the record demonstrates that an omnibus

18

hearing was conducted in the prior habeas corpus proceedings." Id.("We concluded, by its very language, West Virginia Code § 53-4A-1(c) contemplates a knowing and intelligent waiver, in the vein of a waiver of a constitutional right, which cannot be presumed from a silent record.") Specifically, the SCAWV explained that an omnibus hearing must meet the following requirements for the purposes of the wavier provisions of West Virginia Code § 53-4A-1 *et seq.*:

> In order to show knowing and intelligent waiver of grounds not asserted, the record of the prior omnibus hearing must show that counsel interrogated and discussed with the petitioner every potential ground for relief in habeas corpus and explained the conclusive effect of the final decision on subsequent applications for habeas corpus relief. The court before which the omnibus hearing is conducted has a duty to "inquire on the record whether counsel discussed all grounds which might apply to petitioner's case and whether petitioner was advised by his counsel about the grounds and intentionally waives them" and to "enter a comprehensive order which addresses not only the ground actually litigated, but the grounds waived as well."

Id.(citation omitted). Furthermore, the requirement that the "record conclusively demonstrate a voluntary waiver also applies to claims a petitioner fails to raise in a habeas appeal." Mahood v. Terry, 2018 WL 4390736, * 3 (S.D.W.Va. Sept. 13, 2018)(citing Boothe v. Ballard, 2016 WL 1275054, * 45 (S.D.W.Va. March 31, 2016).

    In the instant case, the record indicates that Petitioner would not be procedurally barred under Section 53-4A-1(c) from raising the unexhausted claims in a subsequent State proceeding. The record is devoid of any indication that Petitioner intelligently and knowingly waived these unexhausted claims. There is no evidence that Petitioner was cautioned that he was waiving these claims by not raising them in his underlying habeas proceedings. First, it is undisputed that Petitioner did not have an omnibus hearing. Second, it is not clear that Petitioner made a knowing, voluntary, and intelligent waiver of claims in his *Losh* List. Although the Petitioner's initials are beside certain grounds in either the "ASSERT" or "WAIVE" column of the *Losh* List, the *Losh* List does not contain any language regarding the knowing, voluntary, or intelligent nature of

19

Petitioner's waiver. The *Losh* List also does not contain any indication of Petitioner's knowledge or understanding of the finality of decision to waive particular grounds for relief. Further, the undersigned notes that Petitioner has several unexhausted claims concerning his ground of ineffective assistance of counsel. Petitioner's *Losh* List clearly reveals that Petitioner was not waiving his claim of ineffective assistance of counsel as a ground for relief. Petitioner's *Losh* List further reveals that Petitioner was not waiving the following claims: (1) Consecutive sentence for the same transaction; (2) Coerced confession; (3) Constitutional error in evidentiary rulings; and (4) Excessive sentence. As explained above, Petitioner failed to assert any of these claims in his *habeas* appeal. The record, however, does not conclusively demonstrate that Petitioner knowingly, intelligently, and voluntarily waived those claims in his *habeas* appeal. Petitioner further claims in his Response that he was unaware that he was waiving certain claims. As state above, Section 53-4A-1(c) "contemplates a knowing and intelligent waiver, in the vein of a waiver of a constitutional right, which cannot be presumed from a silent record." Gibson, 173 W.Va. at 684, 319 S.E.2d at 808. Therefore, the undersigned cannot find that the record conclusively demonstrate that Petitioner voluntarily refrained from asserting known grounds for relief. The Fourth Circuit has stated that "[i]f any reasonable possibility exists that the state court may apply an exception to its procedural default rule, the federal court should not apply a state procedural bar to find that exhaustion is futile." Meadows v. Legursky, 904 F.2d 903, 909 (4th Cir. 1990), abrogated on other grounds by, Trest v. Cain, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997). Based on the foregoing, the undersigned finds there is a reasonable possibility that the State court may apply an exception to its procedural default rule. See Losh v. McKenzie, 166 W.Va. 762, 764 277 S.E.2d at 609(Section 53-4A-1 *et seq.* "contemplates that every person convicted of a crime shall have a fair trial in the circuit court, an opportunity to apply for an appeal to this Court, and *one omnibus post-*

20

*conviction habeas corpus hearing* at which he may raise any collateral issue which have not previously been fully and fairly litigated.")(emphasis added); also see Clement v. Ballard, 2015 WL 6690158, * 9 (S.D.W.Va. Sept. 22, 2015)(finding procedural default was inapplicable because there was a reasonable possibility that the State might address petitioner's unexhausted grounds on the merits given petitioner's claim that his unexhausted claims were the result of ineffective assistance of habeas counsel); Bennett v. Ames, 2019 WL 8054945, * 7, fn. 1 (S.D.W.Va. Oct. 28, 2019)("[B]ecause it is not presently clear from the record before this court whether the state courts would reject a new habeas corpus petition addressing these additional claims by the petitioner, the undersigned declines to speculate about the application of the procedural default doctrine to those claims."). Accordingly, the undersigned finds it necessary to considered whether the above action should be dismissed as a mix petition or stayed and held in abeyance pending exhaustion.

**2.    Stay and Abeyance:**

In Rhines, the Supreme Court determined that when a State prisoner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the district Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). The Supreme Court, however, cautioned that a "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the twin purposes of the total exhaustion requirement and the limitation period. Id., 544 U.S. at 277, 125 S.Ct. at 1534. Specifically, the Supreme Court explained as follows:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by

22

> decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Id., 544 U.S. at 277, 125 S.Ct. at 1535. Thus, a stay and abeyance is only appropriate in limited circumstances in which the district court determines that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 277-78, 125 S.Ct. at 1536(noting that "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim."); also see Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" prior to fully exhausting his state remedies). The Fourth Court, however, has not yet precisely defined what constitutes good cause under Rhines. This Court has determined that good cause exists where a petitioner's future opportunity to return to federal court would be jeopardized. See Carter v. Ballard, 2015 WL 966127, * 12 (S.D.W.Va. March 4, 2015)(finding a stay was appropriate where the petitioner had only 39 days from the date of the Proposed Findings and Recommendation to file his state habeas petition, which would toll the statute of limitations); Clement v. Ballard, 2015 WL 6690158 (S.D.W.Va. Sept. 22, 2015)(finding good cause for a stay "in light of the complex procedural issues arising in this case, [petitioner's] allegations of ineffective assistance of state habeas counsel, the possibility that [petitioner's] ability to obtain federal habeas relief will be jeopardized if his petition is dismiss, and the State of West Virginia's acquiesces to a stay."); Adams v. McBride, 2009 WL 3187209, * 1 (S.D.W.Va. Sep. 30, 2009)(granting stay where it seemed clear that dismissal of the federal petition would undoubtedly

result in petitioner's inability to timely seek federal relief); <u>also see</u> <u>Demere v. Ballard</u>, 2013 WL 5352950 (N.D.W.Va. Sept. 24, 2013)("this procedure is only appropriate where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court"); <u>Kanode v. Waid</u>, 2011 WL 2633645 (S.D.W.Va. July 5, 2011)("[T]he practice of staying a federal habeas case while a petitioner returns to state court to exhaust his claims should be used sparingly.").

Applying the <u>Rhines</u> standard to the facts of the instant case, the undersigned first considers whether good cause exists based upon AEDPA's one-year limitation period. The undersigned finds that the record does support a timeliness concern regarding the filing of Petitioner's Section 2254 Petition. Section 2244(d)(1)(A) provides that a Section 2254 *habeas* petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[6] On November 5,

---

[6] Title 28, United States Code, Section 2244(d)(1) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2008, Petitioner was resentenced for the purpose of reinstating his appeal rights. An Agreed Extension Order was entered on February 26, 2009, extending the period within which Petitioner could file his petition for appeal. Petitioner filed his petition for appeal on April 9, 2009, and the SCAWV refused his petition on June 3, 2009. On August 27, 2009, Petitioner filed a petition for writ of certiorari with the United States Supreme Court. On October 20, 2009, the United States Supreme Court denied Petitioner's petition for writ of certiorari. Therefore, Petitioner's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on October 20, 2009. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the one-year statute of limitation began to run on October 21, 2009, and Petitioner had until October 20, 2010, to file a Section 2254 Application in the United States District Court, unless he first sought post-conviction relief from the State courts. On January 8, 2010, Petitioner filed his *pro se* Petition for Writ of *Habeas Corpus* in the Circuit Court of Raleigh County (Case No. 10-C-22), which was 79 days after the statute of limitation period began to run. Accordingly, the one-year statute of limitation period was tolled by Petitioner's State *habeas* proceedings. On January 28, 2020, the Circuit Court of Raleigh County denied his *habeas* petition. Petitioner filed an appeal of the Circuit Court's denial of his *habeas* petition to the SCAWV. See Rule 5(f) of the West Virginia Rules of Appellate Procedure. The SCAWV affirmed Petitioner's conviction and sentence on January 12, 2022, and Petitioner filed a Petition for Rehearing. The SCAWV refused Petitioner's Petition for Rehearing on March 17, 2022, and the mandate was issued on March 24, 2022. The limitation period thus began to run again on March 25, 2022. On April 28, 2022, thirty-four (34) days later, Petitioner filed his Section 2254 Petition. Although it is undisputed that

Petitioner's Section 2254 Petition was timely filed,[7] the statute of limitations was not tolled by the filing of the Section 2254 Petition. See Duncan v. Walker, 533 U.S. 167, 172, 121 S.Ct. 2120, 2124, 150 L.Ed.2d 251 (2001)("[A] properly filed federal habeas petition does not toll the limitation period."). Since the statute of limitations was not tolled by the filing of Petitioner's Section 2254 petition, the limitations period will expire on January 5, 2023.[8] Accordingly, the undersigned finds that dismissal would jeopardize the timeliness of Petitioner's Section 2254 Petition and, therefore, Petitioner can demonstrate good cause supporting a stay of the instant of proceedings if Petitioner wishes to return to State Court to exhaust his unexhausted claims.

Considering the second prong of Rhines, the undersigned cannot find that all of Petitioner's unexhausted claims are plainly meritless. At least part of Petitioner's unexhausted claims involve critical aspects of Petitioner's conviction, including the alleged introduction of a coerced confession and ineffective assistance of trial counsel, which are not facially frivolous. Considering the third prong of Rhines, the undersigned finds there is no obvious indication that Petitioner has engaged in "intentionally dilatory litigation tactics." Based upon the above procedural history, it appears that Petitioner has diligently challenged his conviction. The undersigned, therefore, finds that Petitioner has satisfied the three requirements for the issuance of a stay under Rhines.

Accordingly, the undersigned recommends that the District Judge find that Petitioner's Section 2254 Petition is a mixed petition containing both exhausted and unexhausted claims,

---

[7] At the time of the filing of Petitioner's Section 2254, one hundred thirteen (113) days of Petitioner's one year period had expired.

[8]   Petitioner is hereby **NOTIFIED** that the calculations of the statute of limitations set forth in this Proposed Finding and Recommendation are not conclusively correct. It is Petitioner's responsibility to file his petition correctly and timely.

Petitioner is entitled to a stay while he exhausts his State court remedies, and Petitioner's Section 2254 Petition be held in abeyance until that time. The undersigned further recommends that the District Judge condition the stay on Petitioner's pursuing his State court remedies within 60-days of from the date of the order to stay as entered by the District Court, and require Petitioner to return to federal court within 45-days after he has exhausted his State court remedies. In the alternative, Petitioner may withdraw the unexhausted claims[39] from his Section 2254 Petition and pursue his exhausted claims before this Court.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** the following:

(1)      Respondent's Motion to Dismiss (Document No. 12) be **DENIED**;

(2)      Petitioner be **GRANTED** a **STAY**, and this action be **REMOVED from the Court's active docket** until further order of the Court, so that Petitioner may pursue his State court remedies for his unexhausted claims and that the stay be condition on Petitioner pursuing his State court remedies within **sixty (60) days** of the date that the order to stay is entered; and

(3)      Petitioner's Section 2254 Petition (Document No. 2) be held in

---

[9]   As stated above, the following claims are unexhausted: (1) consecutive sentence for the same transaction; (2) coerced confession; (3) ineffective assistance of trail counsel based upon counsel's failure to (a) prepare and research self-defense theory, (b) request bifurcation on the trial of the issues of mercy, (c) present mercy issues, (d) impeach State witnesses on conflicting testimony, (e) object to the composition of the Grand Jury and its proceedings, (f) object to prejudicial statements by the prosecutor, (g) object to inaccurate and prejudicial statements regarding the indictment by the Prosecuting Attorney during closing arguments, (h) be "prepared for a case of this nature" and being "overmatched by the prosecutor; (i) to review the State's evidence with Petitioner, (j) conduct scientific testing on the victim's clothing to establish the distance at the time of firing, (k) request a change of venue due to media coverage, (l) move for dismissal of the Indictment after the close of evidence, (m) prepare Petitioner to testify, (n) prepare other witnesses' testimony, (o) "prepare, obtain, read, or evaluate a document," and (p) request adequate time for preparation of trial; (4) Constitutional errors by the circuit court's evidentiary rulings concerning (a) the admission of Petitioner's prior bad acts without conducting an *in camera hearing*[3] and (b) the admission of the State's lead investigator's testimony as to the creditability of other State witnesses[3]; and (5) excessive sentence.

**ABEYANCE** pending exhaustion of State court remedies, and Petitioner be required to return to federal court within **forty-five (45) days** after he has exhausted his State court remedies and seek to lift the stay.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Volk, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same to Petitioner, who is acting *pro se*, and counsel of record.

Dated: December 9, 2022.

Omar J. Aboulhosn
United States Magistrate Judge

27