UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

THOMAS EUGENE LEFTWICH,

    Petitioner,

v.                                        CIVIL ACTION NO. 5:22-cv-00206

DONNIE AMES,

    Respondent.

## ORDER

Pending is Respondent's Motion to Dismiss [Doc. 12], filed July 19, 2022. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on December 9, 2022. Magistrate Judge Aboulhosn recommended that the Court deny Respondent's Motion to Dismiss and grant Petitioner a stay and hold in abeyance Petitioner's Section 2254 Petition pending Petitioner's exhaustion of state court remedies for his unexhausted claims. Magistrate Judge Aboulhosn further recommended that the Court require Petitioner to pursue his state court remedies within sixty days of entry of the stay order and to notify the Court of his intent to lift the stay within forty-five days of exhaustion of his state court remedies.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis

added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on December 27, 2022. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 17**], **DENIES** Respondent's Motion to Dismiss [**Doc. 12**], **GRANTS** Petitioner a stay and abeyance, **STAYS** this action, and **HOLDS IN ABEYANCE** Petitioner's Section 2254 Petition for a Writ of Habeas Corpus [**Doc. 2**] pending exhaustion state court remedies concerning Petitioner's unexhausted claims.

The Court further **DIRECTS** the Clerk to transfer this matter to the inactive docket pending further order of the Court. Petitioner is **ORDERED** to pursue his available state court remedies within **60 days** of entry of this Order. Petitioner is further **ORDERED** to notify the Court and Respondent within **45 days** of the exhaustion of his state court remedies concerning his intent to lift the stay.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: January 9, 2023

Frank W. Volk
United States District Judge